# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ANTWAIN T. JACKSON                                    CIVIL ACTION

VERSUS

SAINT HELENA PARISH POLICE                NO. 22-00834-BAJ-SDJ
JURY, ET AL.

## RULING AND ORDER

This is an employment discrimination case. Plaintiff sued his former employer, Defendant Saint Helena Police Jury (the "Police Jury"), as well as his former supervisor, Albert Franklin. (*See* Doc. 48 at ¶¶ 4–5).[1] In his Third Amended Complaint, Plaintiff alleges that the Police Jury violated his procedural right to due process, his constitutional rights, the Americans with Disabilities Act ("ADA"), and the State of Louisiana's Employment Discrimination Law, and retaliated against him. (*See Id.* at ¶88, ¶108, ¶111, ¶128, ¶132).

Now before the Court is Plaintiff's **Motion For Partial Summary Judgment On The Issue Of Liability Of The Defendant Saint Helena Parish Police Jury (Doc. 64, the "Motion")**, which seeks summary judgment on the issue of the Police Jury's liability.[2] The Motion is opposed. (Doc. 70-1). For the reasons below, the Motion shall be **DENIED**.

---

[1] The Court dismissed all claims against Defendant Franklin, with prejudice, on September 30, 2024. (Doc 60).

[2] The Court granted Plaintiff's Motion For Leave to File Conventionally on May 22, 2025. (Doc. 73). The Court has reviewed (1) a video recording of the March 23, 2021 policy jury meeting; (2) a video recording of the August 11, 2021, encounter; and (3) a video recording of the August 11, 2021 staff meeting in its consideration of the Motion.

## I.    BACKGROUND

The following facts are undisputed. Plaintiff worked at the Police Jury as the Road Superintendent. (Doc. 69-1 at ¶ 2). Plaintiff began his position on or about August 11, 2020. (*Id.* at ¶ 6). On or about March 15, 2021, Franklin, Plaintiff's supervisor, assigned Plaintiff to a road crew that cleaned ditches. (*Id.* at ¶ 10). The job required one employee to drive a dump truck, one employee to operate an excavator, and two employees to flag traffic. (*Id.* at ¶¶ 11–12). Franklin assigned Plaintiff to operate the dump truck. (*Id.*). A dispute arose regarding Plaintiff's assignment. (*Id.*)[3]

Following the dispute, Franklin cited Plaintiff for insubordination and suspended him for two days without pay (the "March 15 Incident"). (*Id.* at ¶ 18.). Ultimately, Plaintiff was off work without pay for about thirty days following the March 15 Incident. (*Id.* at ¶ 20).

On July 20, 2021, following a work backlog due to the COVID-19 Pandemic, the Police Jury implemented an attendance policy that required all employees to work extended hours. (*Id.* at ¶ 27). The policy further stated that any employee who failed to comply with the new work schedule would be laid off until further notice. (*Id.* at

---

[3] Plaintiff claims there was a safety issue with the particular dump truck he was assigned to operate. (Doc. 64-2 at ¶ 12–13). Defendant denies this claim. (Doc. 69-1 at ¶ 14). Plaintiff additionally claims he was cited for his refusal to operate the dump truck. (Doc. 64-2 at ¶ 19). Defendant denies this claim as well. (Doc. 69-1 at ¶ 18). In its Reply, Defendant did not provide a reason for the March 15 citation.

¶ 28). Plaintiff returned to work on July 21, 2021, and worked for two weeks without incident. (*Id.* at ¶ 29).

On August 5, 2021, Franklin again disciplined Plaintiff. (*Id.* at ¶ 47). On August 10, 2021, Plaintiff submitted a written grievance to the Police Jury regarding his encounter with Franklin. (*Id.* at ¶ 53). On October 6, 2021, Plaintiff submitted a discrimination charge to the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at ¶ 56). The next day, the EEOC informed the Police Jury of Plaintiff's charge. (*Id.* at ¶ 57). On November 9, 2021, the Police Jury terminated Plaintiff's employment. (*Id.* at ¶ 59). The termination letter cites no cause for termination. (*Id.* at ¶ 60).

## II.    LEGAL STANDARD

A court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on motions for summary judgment, courts are required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Coleman v. Hous. Indep. School Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

To survive summary judgment, however, the nonmoving party must do more than allege an issue of material fact: "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Auguster v. Vermilion Par. Sch. Bd.*, 249 F.3d 400, 402 (5th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citations and quotation marks omitted). A party that fails to present competent evidence opposing a motion for summary judgment risks dismissal on this basis alone. *E.g., Broussard v. Oryx Energy Co.*, 110 F. Supp. 2d 532, 536 (E.D. Tex. 2000) ("Plaintiff produced no genuine issue of material fact to prevent the granting of [Defendant's] Motion, and therefore, the Court could grant [Defendant's] Motion for Summary Judgment on this basis alone.").

## III.    DISCUSSION

In his Motion, Plaintiff argues that there is no dispute of material fact, and that he is therefore entitled to summary judgment as a matter of law. (*See* Doc. 71 at 1). Plaintiff asserts that the Police Jury: (1) knowingly denied him procedural due process of law; (2) knowingly refused to engage in the interactive process mandated by the ADA; and (3) retaliated against him by terminating him "in the complete

4

absence of any untoward conduct" after he filed an EEOC charge. (*Id.* at 14). The Court will address each of these claims below.

### a. Procedural Due Process Claim.

In his Amended Complaint, Plaintiff argues that he was a permanent employee of the Police Jury, and that his termination without a hearing deprived him of his procedural right to due process. (*See* Doc. 48 at ¶¶ 88–107). The Police Jury objects to Plaintiff's characterization of his employment status and contends that Plaintiff was instead an at-will employee. (*See* Doc. 70-2 at 24–25).

"An employee has a property interest in his employment only when a legitimate right to continued employment exists. . . If [Plaintiff] had a property right in his employment, [Plaintiff] was entitled to procedural due process before [his employer] could terminate his employment." *McDonald v. City of Corinth, Tex.*, 102 F.3d 152, 155 (5th Cir. 1996) (citing *Perry v. Sindermann*, 408 U.S. 593, 601 (1972) (internal quotations omitted). To determine whether Plaintiff was deprived of his procedural right to due process, the Court must first determine whether Plaintiff held a "legitimate property interest" in his employment with the Police Jury. *Id.*

### i. Plaintiff's Employment Status.

In his Amended Complaint, Plaintiff alleges that he was a permanent employee of the Policy Jury at the time of his termination. (*See* Doc. 48 at ¶ 96). The

Police Jury disputes this fact.[4]   (*See* Doc. 70-1 at 4). In support of his argument, Plaintiff claims that the Police Jury's employee manual (the "Manual") created an implied contract between Plaintiff and the Police Jury. (Doc. 71 at 2).

Defendant responds that Plaintiff maintained an at-will status for the entirety of his employment with the Police Jury. (*See* Doc. 70-1 at 4). In support of its argument, Defendant points to Plaintiff's own testimony where he confirms that he signed a document acknowledging that he was an at-will employee when he received the Manual:

> Q: This is a document that at the top says At-Will Employment Agreement and Acknowledgement of Receipt of Employee Handbook, at the bottom there's a signature; is that your signature as well here?
>
> A: Yes.

(Doc. 69-4 at 9–10). Plaintiff does not contest the authenticity of the document. The relevant section of the At-Will Employment Agreement for the Police Jury Manual contains the following provision:

> I understand and agree that the policies described in the handbook are intended as a guide only and do not constitute a contract of employment. I specifically understand and agree that the employment relationship between the St. Helena Parish Police Jury and I is at-will and can be terminated by the Police Jury or me at any time, *with or without cause or notice.*

---

[4] In its Opposition, Defendant asks that the Court strike Plaintiff's conclusory allegation that he was a permanent employee because it is an unsupported legal conclusion. (Doc. 70-1 at 3–4). The Court notes Defendant's objection. The Court is within its discretion to strike all conclusory allegations made by Plaintiff. *Richardson v. Oldham*, 12 F.3d 1373 (5th Cir. 1994). However, for the purposes of this Summary Judgment motion, the Court will consider this claim.

(Doc. 69-4) (emphasis added).

Defendant also points to the testimony of the Police Jury's Secretary Treasurer, Sharonda Brown, in which she confirms Plaintiff's at-will employment status. (*Id.* at 5).

Plaintiff counters that the provisions in the Manual facilitate confusion and thus create an implied contract. (*See* Doc. 71 at 3–4). In support of his argument, Plaintiff cites the following provision in the Manual: "permanent employee[s] shall not be discharged or disciplined, except upon written and signed charges from his or her Department Head and after a hearing before the Police Jury." (Doc. 71 at 3). Despite the uncontested signed waiver stating otherwise, Plaintiff argues, without statutory or jurisprudential support, that the Police Jury did not adequately explain this ambiguous language to him, resulting in the creation of a property right in Plaintiff's employment through an implied contract. (*Id.* at 3–4).

"State law controls the analysis of whether Plaintiff has a property interest sufficient to entitle [him] to due process protection." *Swift v. Siesel*, No. CIV.A. 01-2691, 2002 WL 1585617, at *4 (E.D. La. July 15, 2002) (citing *McDonald*, 102 F.3d at 155). Regarding the status of at-will and permanent employees, the Louisiana Third Circuit Court of Appeals held that:

> Without a specific contract or agreement which establishes a fixed term of employment, an 'at will' employee is free to quit at any time without liability to his or her employer and, likewise, may be terminated by the employer at any time, provided the termination does not violate any statutory or constitutional provision. Unless an employment contract is

for a definite period of time, there is no enforceable action for damages for dismissal under state law, as the contract can be terminated at the will of either employee or employer. . . An at-will employee simply has no legally protected interest in his employment.

*Newsom v. Glob. Data Sys., Inc.*, 2012-412 (La. App. 3d Cir. 12/12/12), 107 So.3d 781, 785–86, *writ denied*, 2013-0429 (La. 4/5/13), 110 So.3d 595 (internal citations and quotations omitted).

Plaintiff has not provided the Court with a specific contract or agreement that indicates that his employment was for a fixed period of time. Instead, Plaintiff relies on *Aiello v. United Air Lines, Inc.*, 818 F.2d 1196, 1200 (5th Cir. 1987) as a basis for his argument. There, the U.S. Court of Appeals for the Fifth Circuit held that "because of the detailed nature of the company regulations," including the employee handbook, the district court erred in concluding that the *Aiello* plaintiff was an at-will employee. *Aiello*, 818 F.2d at 1200.

The *Aiello* plaintiff, like the Plaintiff here, signed a waiver upon receiving her employment handbook. *Id.* But in *Aiello*, the Fifth Circuit specifically found that Texas law supported its conclusion that the *Aiello* plaintiff's waiver did not control her employment status. *Id.* The Fifth Circuit emphasized, however, that it "is certainly true that not all employee handbook situations in the law are the same." *Id.* (internal quotations omitted). In fact, the supervisor who discharged the *Aiello* plaintiff and another employee testified at trial that they believed the supplementary

8

guidance from United Air Lines formed a contract between the employees and the company. *Id.*

This is not the case here. Plaintiff has cited to no factual allegations that his supervisor or any other Police Jury employee viewed the Manual as a binding contract. Further, Plaintiff has failed to identify any documentary evidence or deposition testimony that supports his purported classification as a permanent employee. Absent "a specific contract or agreement" that establishes a fixed term of employment as required by Louisiana law, the Court concludes that Plaintiff was an at will employee at the time of his termination, thereby depriving him of any right to pursue a procedural due process claim. Therefore, Plaintiff's Motion for Partial Summary Judgment on the issue of the Police Jury's liability regarding Plaintiff's procedural due process claims is hereby **DENIED**.

### b. Employment Discrimination Claims.

In his Reply, Plaintiff claims that Defendant's Opposition "utterly failed to demonstrate that there is a genuine issue of material fact" as to his ADA and Louisiana Employment Discrimination Law claims. (Doc. 71 at 1). The parties' statements of facts reveal a different story. (*See* Doc. 64-2; Doc. 69-1). Plaintiff claims he was discriminated against by the Police Jury after he "experienced physical symptoms which interfered with his ability to continue working." (Doc. 64-1 at 3). He argues that his then-undiagnosed physical condition constituted a disability under the ADA and the State of Louisiana's Employment Discrimination Law.

9

(Doc. 64-1 at 4).[5] In its Opposition, Defendant formally objects to "all conclusory allegations/legal conclusions" in Plaintiff's Third Amended Complaint for summary judgment purposes and requests that the Court strike same. (Doc. 70-1). In its Statement of Material Facts, Defendant denies or qualifies more than half of Plaintiff's sixty-two factual allegations. (*See* Doc. 69-1.) Many of those factual allegations involve Plaintiff's employment discrimination claims. (*See id.* at ¶¶ 18–26). The Court therefore finds that there are genuine issues of material fact that preclude the Court's granting of Plaintiff's Motion on his employment discrimination claims. Plaintiff's Motion for Summary Judgment on Defendant's liability as to his employment discrimination claims is therefore **DENIED**.

### c. Retaliation Claim.

As to Plaintiff's claim of retaliation, the Court again finds that there are substantial issues of material fact that preclude summary judgment. Again, almost all factual allegations related to Plaintiff's retaliation claim are subject to dispute. (*See* Doc. 69-1 at ¶¶ 31–58). Indeed, the only *undisputed* material fact is Plaintiff's termination date. (*See id.*). All other facts relating to Plaintiff's retaliation claim remain in contention. Plaintiff claims that he was terminated in retaliation for his submission of the discrimination charge to the EEOC following his second citation. (Doc. 64-1 at 5–6). The Police Jury disputes this claim and maintains that Plaintiff

---

[5] In his reply, Plaintiff identifies his physical condition as COVID-19 that later developed into "Long COVID". (Doc. 71 at 8). The Police Jury denies that it ever received notice of Plaintiff's "Long COVID" diagnosis. (Doc. 69-1 at para. 48).

was instead terminated without cause, and that it was well within its rights to do so considering Plaintiff's at-will employment status. (*See* Doc. 70-1 at 5–6).

The Court therefore finds that Plaintiff has failed to ground his allegations in a sufficient basis of material undisputed facts to rule on Plaintiff's retaliation claim. Plaintiff's Motion for Partial Summary Judgment as to Plaintiff's retaliation claim against the Police Jury is therefore **DENIED**.

## IV.     CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff Antwain Jackson's **Motion For Partial Summary Judgment (Doc. 64)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 30ᵗʰ day of July, 2025

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**